B1 (Official Form 1)(12/11)

| **United States Bankruptcy Court**<br>**District of South Carolina** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Gibson, Joseph Jackson** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA Jay Gibson; DBA All Star Recovery; DBA Allstar Towing and Recovery** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6107** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**1018 Camp Wiggins Road**<br>**Florence, SC**<br>ZIP Code **29506** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Florence** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization) (Check one box)<br>■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | **Nature of Business**<br>(Check one box)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box)<br>☐ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>■ Chapter 13<br><br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
|---|---|---|

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☐ Debts are primarily business debts. |
|---|---|---|

| **Filing Fee** (Check one box)<br>■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information**<br>■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Gibson, Joseph Jackson** |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X   /s/ Eric S. Reed                                  August  3, 2012**<br>Signature of Attorney for Debtor(s)               (Date)<br>**Eric S. Reed 7242** |

| Exhibit C |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>■ No. |

| Exhibit D |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| Information Regarding the Debtor - Venue<br>(Check any applicable box) |
|---|
| ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| Certification by a Debtor Who Resides as a Tenant of Residential Property<br>(Check all applicable boxes) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br><br><br>_____<br>(Address of landlord)<br><br>☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(12/11)                                                                                          Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Gibson, Joseph Jackson**

### Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Joseph Jackson Gibson**
Signature of Debtor  **Joseph Jackson Gibson**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**August 3, 2012**
Date

### Signature of Attorney*

X **/s/ Eric S. Reed**
Signature of Attorney for Debtor(s)

**Eric S. Reed 7242**
Printed Name of Attorney for Debtor(s)

**Reed Law Firm, P.A.**
Firm Name

**1807 W Evans Street**
**Suite B**
**Florence, SC 29501**

_____
Address

**Email: ereed@reedlawsc.com**
**843-679-0077  Fax: 843-679-0667**
Telephone Number

**August 3, 2012**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### District of South Carolina

In re   **Joseph Jackson Gibson**                                 Case No.              
                                                     Debtor(s)             Chapter    **13**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Joseph Jackson Gibson**
                        **Joseph Jackson Gibson**

Date:    **August  3, 2012**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## District of South Carolina

In re  **Joseph Jackson Gibson**                                                            ,
                                  Debtor

Case No. _____

Chapter _____**13**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 2 | 105,000.00 | | |
| B - Personal Property | Yes | 4 | 31,872.20 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 176,909.91 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | 9,883.49 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 16 | | | 9,507.83 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 8,847.73 |
| Total Number of Sheets of ALL Schedules | | 35 | | | |
| | | Total Assets | 136,872.20 | | |
| | | | Total Liabilities | 186,793.40 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## District of South Carolina

In re    **Joseph Jackson Gibson**                                          ,    Case No. _____

                                                    Debtor

                                                            Chapter_____**13**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 9,507.83 |
| Average Expenses (from Schedule J, Line 18) | 8,847.73 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 2,129.60 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 59,134.91 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 9,883.49 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 69,018.40 |

B6A (Official Form 6A) (12/07)

.

In re  **Joseph Jackson Gibson**                                                        ,   Case No. _____
                                                                Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **DEBTORS RESIDENCE-1018 CAMP WIGGINS ROAD, FLORENCE SC 29506, FLORENCE COUNTY, (3) Bedroom House, TMS# (00337-01-042), Tax Appraisal Value ($84,248), See attached Tax Appraisal** | **Fee Simple** | - | **105,000.00** | **163,393.71** |
| **Debtor estimates value at ($105,000)** | | | | |

| | | |
|---|---|---|
| Sub-Total > | **105,000.00** | (Total of this page) |
| Total > | **105,000.00** | |

<u>  **0**  </u>  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Name:  GIBSON JOSEPH                          Map: 00337  Block: 01  Parcel: 042
Address: Case 12-04754-jw   Doc 1   Filed 08/03/12   Entered 08/03/12 09:01:24   Desc Main
         1018 CAMP WIGGINS RD   Document   Page 9 of 68  District: 14 0     Homestead % 000
         FLORENCE              SC           Zip: 295064925
Lot Description  CAMP WIGGINS RD            Prepay Code:    A-Non MH   B-MH

----- DATES -----                                        Land      # of       Bldgs
Post      9/24/11        Ratio      Acres      Lots      Value     Bldgs      Value
Paid      12/03/11    RES. 4%                    1       16550       2        67698
Abate     0/00/00
Refund    0/00/00     FARM 4%
Py.Rev    0/00/00
Old Py                OTHER 6%
Date      0/00/00            City Prop.   County Prop.      HS/SE             Total
     City Tax +  County Tax -  Tx Credit -  Tx Credit -   Exemption    =      Tax
       .00      1,070.99          .00        140.06        598.18          332.75
+ Penalty          .00 + Cost         .00  =  Tax Due       332.75
+ Solid Waste Fee       76.85  = Total Due       409.60
Homestead Exemption:           .00   School Exemption:     598.18
Tax paid   Fee paid


                    Press ENTER to return to prior screen
                        Cmd 5 for Tax Distribution

B6B (Official Form 6B) (12/07)

.

In re  **Joseph Jackson Gibson**                                                      Case No. _____
                                                                    ,
                                               Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **CASH ON HAND** | - | 100.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **WELLS FARGO: Checking account# (8182)** | J | 35.17 |
| | | **WELLS FARGO: Savings account# (8829)** | J | 6.03 |
| | | **WELLS FARGO: Savings account# (1561)** | J | 20.00 |
| | | **WELLS FARGO: Business Checking account# (5257)** | - | 250.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **HOUSEHOLD GOODS AND OTHER APPLIANCES:** All household goods including, but not limited to, furniture, electronics, appliances, kitchenware, household tools, home decorations, etc. | - | 3,100.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **BOOKS** | - | 25.00 |
| | | **COLLECTIBLES** | - | 100.00 |
| 6.  Wearing apparel. | | **CLOTHING** | - | 500.00 |
| 7.  Furs and jewelry. | | **JEWELRY** | - | 500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | **FIREARMS: Taurus 9mm Pistol, Savage 270 Rifle** | - | 500.00 |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >         **5,136.20**
(Total of this page)

  **3**  continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Joseph Jackson Gibson**                                                    Case No. _____
                                                              ,
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **401(K) RETIREMENT PROGRAM** | - | **121.00** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **ALL STAR RECOVERY: Sole proprietorship operating as a repossession company.  Business was started in 2006 and is still in operations.  The business has no W-2 employees or accounts receivables.  The business has no inventory but does have tools of the trade as listed in this schedule.  Value of the buisness UNKNOWN** | - | **Unknown** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **TAX REFUND: Refund for tax year 2011 ($0.00), Refund for tax year 2012 UNKNOWN** | - | **Unknown** |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >                **121.00**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Joseph Jackson Gibson**                                              ,      Case No. _____
                                         Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 CHEVROLET AVALANCHE 1500 TRUCK: Vin# (3GNEK13T93G172515), (4) Door, (8) Cylinder, (150,000) Miles, NADA Value ($12,775) | - | 12,775.00 |
| | | 2002 FORD EXPLORER: Vin# (1FMYU60E42UD52768), (2) Door, (6) Cylinder, (155,000) Miles, NADA Value ($3,225) | - | 3,225.00 |
| | | 1998 JEEP WRANGLER: Vin# (1J4FY19S1WP758159), (2) Door, (6) Cylinder, (150,000) Miles, NADA Value ($4,400) | - | 4,400.00 |
| 26. Boats, motors, and accessories. | | 1987 NITRO MARINE INC MX250 BASS BOAT: (20)' Fiberglass Hull, NADA Value ($1,240) | - | 1,240.00 |
| | | 1985 MERCURY 150ELPT BOAT MOTOR: (150)hp, (6) Cylinder, Electric Boat Motor, NADA Value ($380) | - | 380.00 |
| | | 1985 BOAT TRAILER: (20)' Single-Axle Boat Trailer, NADA Value ($225) | - | 225.00 |
| | | 1995 TRACKER MARINE SUN TRACKER SERIES PARTY EXPRESS PONTOON BOAT: (20)' Fiberglass hull, (75)hp Boat Motor, NADA Value ($3,220) | - | 3,220.00 |
| 27. Aircraft and accessories. | X | | | |

Sub-Total >          25,465.00
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Joseph Jackson Gibson**                                    Case No. _____
                                                          ,
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **TOOLS OF THE TRADE: Go Jacks, Laptop, (2) Desks, PC, (2) Printers, (3) Filing Cabinets, (2) Chairs, Air Conditioner, Heater** | - | **1,100.00** |
| 30. Inventory. | X | | | |
| 31. Animals. | | **ANIMALS: Lab Dog** | - | **50.00** |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | **1,150.00** |
| (Total of this page) | |
| Total > | **31,872.20** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

.

In re __Joseph Jackson Gibson_____,    Case No. _____
                                    Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:    ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                    $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                      *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property**<br>**DEBTORS RESIDENCE-1018 CAMP WIGGINS ROAD, FLORENCE SC 29506, FLORENCE COUNTY, (3) Bedroom House, TMS# (00337-01-042), Tax Appraisal Value ($84,248), See attached Tax Appraisal**<br><br>**Debtor estimates value at ($105,000)** | S.C. Code Ann. § 15-41-30(A)(1) | 50,525.00 | 105,000.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit**<br>WELLS FARGO: Checking account# (8182) | S.C. Code Ann. § 15-41-30(A)(7) Unused Homestead Exemption | 35.17 | 35.17 |
| WELLS FARGO: Savings account# (8829) | S.C. Code Ann. § 15-41-30(A)(7) Unused Homestead Exemption | 6.03 | 6.03 |
| WELLS FARGO: Savings account# (1561) | S.C. Code Ann. § 15-41-30(A)(7) Unused Homestead Exemption | 20.00 | 20.00 |
| WELLS FARGO: Business Checking account# (5257) | S.C. Code Ann. § 15-41-30(A)(7) Unused Homestead Exemption | 250.00 | 250.00 |
| **Household Goods and Furnishings**<br>HOUSEHOLD GOODS AND OTHER APPLIANCES: All household goods including, but not limited to, furniture, electronics, appliances, kitchenware, household tools, home decorations, etc. | S.C. Code Ann. § 15-41-30(A)(3) | 3,100.00 | 3,100.00 |
| **Books, Pictures and Other Art Objects; Collectibles**<br>BOOKS | S.C. Code Ann. § 15-41-30(A)(3) | 25.00 | 25.00 |
| COLLECTIBLES | S.C. Code Ann. § 15-41-30(A)(7) Unused Homestead Exemption | 100.00 | 100.00 |
| **Wearing Apparel**<br>CLOTHING | S.C. Code Ann. § 15-41-30(A)(3) | 500.00 | 500.00 |
| **Furs and Jewelry**<br>JEWELRY | S.C. Code Ann. § 15-41-30(A)(4) | 500.00 | 500.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment**<br>FIREARMS: Taurus 9mm Pistol, Savage 270 Rifle | S.C. Code Ann. § 15-41-30(A)(7) Unused Homestead Exemption | 500.00 | 500.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans**<br>401(K) RETIREMENT PROGRAM | S.C. Code Ann. § 15-41-30(A)(14) | 121.00 | 121.00 |
| **Other Liquidated Debts Owing Debtor Including Tax Refund**<br>TAX REFUND: Refund for tax year 2011 ($0.00), Refund for tax year 2012 UNKNOWN | S.C. Code Ann. § 15-41-30(A)(7) Unused Homestead Exemption | Unknown | Unknown |

___1___ continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6C (Official Form 6C) (4/10) -- Cont.

In re   **Joseph Jackson Gibson**                      ,      Case No. _____

_____
Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2002 FORD EXPLORER: Vin# (1FMYU60E42UD52768), (2) Door, (6) Cylinder, (155,000) Miles, NADA Value ($3,225)** | **S.C. Code Ann. § 15-41-30(A)(7) Unused Homestead Exemption** | **3,225.00** | **3,225.00** |
| **1998 JEEP WRANGLER: Vin# (1J4FY19S1WP758159), (2) Door, (6) Cylinder, (150,000) Miles, NADA Value ($4,400)** | **S.C. Code Ann. § 15-41-30(A)(2)** | **5,625.00** | **4,400.00** |
| **Boats, Motors and Accessories** | | | |
| **1987 NITRO MARINE INC MX250 BASS BOAT: (20)' Fiberglass Hull, NADA Value ($1,240)** | **S.C. Code Ann. § 15-41-30(A)(7) Unused Homestead Exemption** | **1,240.00** | **1,240.00** |
| **1985 MERCURY 150ELPT BOAT MOTOR: (150)hp, (6) Cylinder, Electric Boat Motor, NADA Value ($380)** | **S.C. Code Ann. § 15-41-30(A)(7) Unused Homestead Exemption** | **248.80** | **380.00** |
| **Machinery, Fixtures, Equipment and Supplies Used in Business** | | | |
| **TOOLS OF THE TRADE: Go Jacks, Laptop, (2) Desks, PC, (2) Printers, (3) Filing Cabinets, (2) Chairs, Air Conditioner, Heater** | **S.C. Code Ann. § 15-41-30(A)(6)** | **1,100.00** | **1,100.00** |
| **Animals** | | | |
| **ANIMALS: Lab Dog** | **S.C. Code Ann. § 15-41-30(A)(3)** | **50.00** | **50.00** |
| | Total: | **67,171.00** | **120,552.20** |

Sheet  **1**  of  **1**  continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com        Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **Joseph Jackson Gibson**                                                    Case No. _____
                                            ,
                          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | | |
| Account No. **4446** | | | | | Opened 8/29/03  Last Active 3/14/12 Mortgage | | | | | |
| **HOMECOMINGS FINANCIAL / GMAC MORTGAGE ATTENTION:  BANKRUPTCY DEPT 1100 VIRGINIA DRIVE FORT WASHINGTON, PA 19034** | - | | | | DEBTORS RESIDENCE-1018 CAMP WIGGINS ROAD, FLORENCE SC 29506: ARREARAGE TO BE PAID IN PLAN ($12,600), TO BE RESUMED SEPTEMBER 2012 | | | | | |
| | | | | | Value $            **105,000.00** | | | | **117,618.13** | **12,618.13** |
| Account No. **6107** | | | | | 7/2005 | | | | | |
| **ICE PEE DEE 2321 LAURENS CIRCLE Florence, SC 29501** | - | | | | Judgment Lien

DEBTORS RESIDENCE-1018 CAMP WIGGINS ROAD, FLORENCE SC 29506: 522(F) VOIDABLE | | | | | |
| | | | | | Value $            **105,000.00** | | | | **3,305.58** | **3,305.58** |
| Account No. **6107** | | | | | 9/03 | | | | | |
| **KAREN J MITCHELL AKA KAREN J TARLTON 4056 TIMMONSVILLE HWY Timmonsville, SC 29161** | - | | | | Second Mortgage

DEBTORS RESIDENCE-1018 CAMP WIGGINS ROAD, FLORENCE SC 29506: TO BE VALUED IN PLAN | | | | | |
| | | | | | Value $            **105,000.00** | | | | **13,000.00** | **13,000.00** |
| Account No. **6203** | | | | | 1/12 | | | | | |
| **PEE DEE AUTO SALES 2407 E PALMETTO STREET Florence, SC 29506** | - | | | | Auto Loan

2004 CHEVROLET AVALANCHE 1500 TRUCK: TO BE PAID IN PLAN | | | | | |
| | | | | | Value $            **12,775.00** | | | | **13,516.20** | **741.20** |

____**1**____  continuation sheets attached

Subtotal
(Total of this page)                          **147,439.91**            **29,664.91**

B6D (Official Form 6D) (12/07) - Cont.

In re **Joseph Jackson Gibson**                                        ,        Case No. _____

Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **6107**<br><br>**THREE-D METAL WORKS**<br>**PO BOX 107**<br>**Andrews, SC 29510** | - | | **12/08**<br><br>**Judgment Lien**<br><br>**DEBTORS RESIDENCE-1018 CAMP WIGGINS ROAD, FLORENCE SC 29506: 522(F) VOIDABLE** | | | | | |
| | | | Value $                    **105,000.00** | | | | **29,470.00** | **29,470.00** |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

Sheet __**1**__ of __**1**__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal<br>(Total of this page) | **29,470.00** | **29,470.00** |
|---|---|---|---|
| | Total<br>(Report on Summary of Schedules) | **176,909.91** | **59,134.91** |

B6E (Official Form 6E) (4/10)

.

In re    **Joseph Jackson Gibson**                                                  Case No. _____

                                                                          ,
                                           Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____**0**_____ continuation sheets attached

B6F (Official Form 6F) (12/07)

In re    **Joseph Jackson Gibson** _____,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. **6107** <br><br> **AARONS** <br> **111 PAMPLICO HIGHWAY** <br> **Florence, SC 29505** | | - | | | Notice Only | | | | 0.00 |
| Account No. **5764** <br><br> **ACCESS RECEIVABLES** <br> **200 E JOPPA RD STE 310** <br> **TOWSON, MD 21286** | | - | | | Opened  6/01/07 <br> Collection-ELECTRIC INSURANCE <br> GROUP-PERSN | | | | 102.00 |
| Account No. **6107** <br><br> **ADRIAN BARNWELL** <br> **813 STRATTON DRIVE** <br> **Florence, SC 29501** | | - | | | Notice Only | | | | 0.00 |
| Account No. **6107** <br><br> **ALLENDALE COUNTY HOSPITAL** <br> **HWY 278** <br> **Fairfax, SC 29827** | | - | | | 1/12 <br> Medical Bills | | | | 730.00 |

__4__   continuation sheets attached

Subtotal
(Total of this page)                                    832.00

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                              S/N:35146-120712    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Joseph Jackson Gibson**                                                    ,    Case No. _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **6107** <br><br> **BRETT MITCHELL** <br> **4056 TIMMONSVILLE HWY** <br> **Timmonsville, SC 29161** | - | | **2003** <br> **Notice Only** | | | | 0.00 |
| Account No. **6107** <br><br> **CARLOS ROBINSON** <br> **C/O RODNEY C JERNIGAN, JR** <br> **PO BOX 2130** <br> **Florence, SC 29503** | - | | **Notice Only** | | | | 0.00 |
| Account No. **2561** <br><br> **CBE GROUP** <br> **PO BOX 2635** <br> **Waterloo, IA 50704** | - | | **1/12** <br> **Collection-DIRECTV** | | | | 566.49 |
| Account No. **6107** <br><br> **DEPT OF VETERANS AFFAIRS** <br> **VA REGIONAL LOAN CETNER** <br> **PO BOX 100023** <br> **Decatur, GA 30031** | - | | **Notice Only** | | | | 0.00 |
| Account No. **6107** <br><br> **DOROTY MCALLISTER** <br> **C/O JOHN S DEBERRY, ESQ** <br> **PO BOX 1422** <br> **Florence, SC 29503** | - | | **2009** <br> **Notice Only** | | | | 0.00 |

Sheet no. __**1**__ of __**4**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

566.49

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

B6F (Official Form 6F) (12/07) - Cont.

In re  **Joseph Jackson Gibson**                                    Case No. _____
                                                    ,
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **6107** <br><br> **FHA USDA RHS** <br> **PO BOX 371419** <br> **Pittsburgh, PA 15250** | - | | | Notice Only | | | | 0.00 |
| Account No. **6107** <br><br> **FLORENCE COUNTY TREASURER** <br> **PO BOX 100501** <br> **Florence, SC 29501** | - | | | Unsecured Property Taxes | | | | 0.00 |
| Account No. **6107** <br><br> **IRS** <br> **CENTRALIZED INSOLVENCY OPERATION** <br> **PO BOX 7346** <br> **Philadelphia, PA 19101** | - | | | 2007 <br> Unsecured Federal Income Taxes | | | | 1,500.00 |
| Account No. **6163** <br><br> **MCLEOD REGIONAL MEDICAL CENTER** <br> **PO BOX 100567** <br> **Florence, SC 29501** | - | | | 6/12 <br> Medical Bills | | | | 354.00 |
| Account No. **6107** <br><br> **MILLICENT COLEMAN** <br> **C/O RODNEY C JERNIGAN, JR** <br> **PO BOX 2130** <br> **Florence, SC 29503** | - | | | Notice Only | | | | 0.00 |

Sheet no. __2__ of __4__ sheets attached to Schedule of          Subtotal          1,854.00
Creditors Holding Unsecured Nonpriority Claims                (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re     **Joseph Jackson Gibson**                                              ,     Case No. _____
                                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **7115**<br><br>**PEE DEE MEDICAL COLLECTION**<br>**PO BOX 1597**<br>**FLORENCE, SC 29503** | - | | **Opened 7/01/08 Last Active 4/01/10**<br>**Medical Bills** | | | | 5,832.00 |
| Account No. **2930**<br><br>**RECEIVABLES PERFORMANC**<br>**20816 44TH AVE W**<br>**LYNNWOOD, WA 98036** | - | | **Opened 5/01/12**<br>**Collection-DIRECTV** | | | | 566.00 |
| Account No. **6107**<br><br>**SC DEPT OF REVENUE AND TAXATION**<br>**PO BOX 12265**<br>**Columbia, SC 29211** | - | | **Unsecured State Income Taxes** | | | | 0.00 |
| Account No. **1301**<br><br>**SCA**<br>**PO BOX 910**<br>**EDENTON, NC 27932** | - | | **Collection-PROGRESS ENERGY CAROLINAS INC** | | | | 63.00 |
| Account No. **0012**<br><br>**TRANSWORLD SYSTEMS**<br>**8801 JM KEYNES DRIVE, STE 300**<br>**Charlotte, NC 28262** | - | | **2/12**<br>**Collection-FLORENCE FAMILY DENTISTRY** | | | | 125.00 |

Sheet no. __**3**__ of __**4**__ sheets attached to Schedule of     Subtotal     | 6,586.00
Creditors Holding Unsecured Nonpriority Claims     (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Joseph Jackson Gibson**                                      ,          Case No. _____
                                                         Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W JC | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **6107** | | | | Notice Only | | | | |
| **UNITED STATES ATTORNEY DISTRICT OF SOUTH CAROLINA 1441 MAIN STREET, STE 500 Columbia, SC 29201** | - | | | | | | | 0.00 |
| Account No. **0553** | | | | Opened 1/23/10 Last Active 1/05/11 Line of Credit | | | | |
| **WYND DISCVRY 10750 W CHARLESTON LAS VEGAS, NV 89135** | - | | | | | | | 45.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet no. __4__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | 45.00 |
| Total (Report on Summary of Schedules) | 9,883.49 |

B6G (Official Form 6G) (12/07)

In re   **Joseph Jackson Gibson**                                        ,        Case No. _____
                                              Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **5 STAR RENTALS**<br>**1358 S IRBY STREET**<br>**Florence, SC 29505** | **HOUSEHOLD GOODS: TV, Debtor will assume contract.  Debtor pays $30/week with an approximate balance of $1,100.  The debtor will remain current and continue to pay outside of plan.** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                              Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re    **Joseph Jackson Gibson**                                        Case No. _____
                                    ,
                                Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re  **Joseph Jackson Gibson**                                                    Case No.
_____
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **OWNER/REPO MAN** | |
| Name of Employer | **ALL STAR RECOVERY** | |
| How long employed | **7 YEARS** | |
| Address of Employer | **PO BOX 12034**<br>**Florence, SC 29506** | |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ 0.00 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 0.00 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a.  Payroll taxes and social security | $ 0.00 | $ N/A |
|    b.  Insurance | $ 0.00 | $ N/A |
|    c.  Union dues | $ 0.00 | $ N/A |
|    d.  Other (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 9,507.83 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 9,507.83 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 9,507.83 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 9,507.83 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Debtor does not anticipate any changes to income within the next year.**

# United States Bankruptcy Court
## District of South Carolina

In re __Joseph Jackson Gibson__

Debtor(s)

Case No. _____

Chapter __13__

# BUSINESS INCOME AND EXPENSES

__FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS__ (NOTE: <u>ONLY INCLUDE</u> information directly related to the business operation.)

**PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:**

| | | |
|---|---|---:|
| 1. Gross Income For 12 Months Prior to Filing: | $ | 0.00 |

**PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:**

| | | |
|---|---|---:|
| 2. Gross Monthly Income | $ | 9,507.83 |

**PART C - ESTIMATED FUTURE MONTHLY EXPENSES:**

| | | |
|---|---|---:|
| 3. Net Employee Payroll (Other Than Debtor) | $ | 0.00 |
| 4. Payroll Taxes | | 0.00 |
| 5. Unemployment Taxes | | 0.00 |
| 6. Worker's Compensation | | 0.00 |
| 7. Other Taxes | | 0.00 |
| 8. Inventory Purchases (Including raw materials) | | 0.00 |
| 9. Purchase of Feed/Fertilizer/Seed/Spray | | 0.00 |
| 10. Rent (Other than debtor's principal residence) | | 0.00 |
| 11. Utilities | | 358.33 |
| 12. Office Expenses and Supplies | | 568.33 |
| 13. Repairs and Maintenance | | 0.00 |
| 14. Vehicle Expenses | | 2,187.16 |
| 15. Travel and Entertainment | | 92.60 |
| 16. Equipment Rental and Leases | | 0.00 |
| 17. Legal/Accounting/Other Professional Fees | | 0.00 |
| 18. Insurance | | 1,533.33 |
| 19. Employee Benefits (e.g., pension, medical, etc.) | | 0.00 |

20. Payments to Be Made Directly By Debtor to Secured Creditors For Pre-Petition Business Debts (Specify):

| DESCRIPTION | TOTAL |
|---|---|
| | |

21. Other (Specify):

| DESCRIPTION | TOTAL |
|---|---|
| **Contract Labor** | **2,335.00** |
| **Advertising** | **98.64** |
| **Business Suppies and Materials** | **204.84** |

| | | |
|---|---|---:|
| 22. Total Monthly Expenses (Add items 3-21) | $ | 7,378.23 |

**PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:**

| | | |
|---|---|---:|
| 23. AVERAGE NET MONTHLY INCOME (Subtract item 22 from item 2) | $ | 2,129.60 |

Case Name _____     Case Number_____

# BUSINESS EXAMINATION CHECKLIST

**INSTRUCTIONS:** Complete all sides of the form.  Use separates page if you need additional room, be sure to reference the additional page by the number you are answering.

**IMPORTANT:** All information must be in the form requested.  Information and/or documents presented in an unorganized fashion will not be accepted and will result in the examination being delayed and/or rescheduled.  Please contact your attorney if you have any questions.

This checklist along with **COPIES** of all documents requested must be provided to the trustee at or before the Business Examination Interview.

1.  **WHAT CIRCUMSTANCE(S) LEAD YOU TO FILE CHAPTER 13 BANKRUPTCY?**

2.  **DESCRIPTION OF BUSINESS**
    a)  Name of the business  _Repo Allstar Recovery_

    b)  Type of business that you operate

    c)  Main product and/or service

    d)  Is your company a:
        [✓] sole proprietorship     [ ] partnership     [ ] corporation

    e)  Names of owners
        _Joseph Gibson_

    f)  When did the current business start operating?  _2006_

    g)  Location where the business is operated
        _1018 Camp Wiggins Rd_

    h)  Are you leasing office space? [ ] Yes [✓] No
        1)  If yes, is it your intention to continue with the lease?
            [ ] Yes     [ ] No
    i)  Are you leasing any business equipment?     [ ] Yes     [✓] No

j)  Is your business seasonal?    [✗] Yes    [ ] No

k)  Have you pledged your receivables, rents, profits, or cash as collateral for any loans?

[ ] Yes    [✗] No

**3.  DESCRIPTION OF ASSETS**

a)  On a separate page, describe each item with a value over $500.00
In addition to the description, tell us:

1)  What you would sell the item for in its present condition and assuming a fair price;
2)  How much did the item cost you originally?
3)  What is the age of the equipment?

b)  What would you estimate the market value of your inventory to be? $ _N/A_

c)  What would you estimate the value of your accounts receivables to be? $ _N/A_

d)  If you were to buy your business today, how much would you pay for your business?
$ _0.00_

**4.  DESCRIPTION OF ALL BANK ACCOUNTS TO WHICH YOU HAVE ACCESS**
*Use a separate page if necessary.*

a)  Provide **COPIES**. Not originals, of bank statements of all accounts for 6 months before you filed your Chapter 13 case. (Note: Trustee may request copies of one or more cancelled checks for this time period in order to clarify data contained on the bank statements.)

b)  Are you the only authorized signator(ies) on the accounts?    [ ] Yes    [✗] No
1)  If no, specify who else is an authorized signer _Tialisa Watkins_

| Bank Name | Account No. | Type of Account | Purpose |
|-----------|-------------|-----------------|---------|
| Wells Fargo | 5257 | Checking | Buss |
|  |  |  |  |
|  |  |  |  |

**5. LIST FULL TIME AND PART TIME EMPLOYEES** *use a separate page if necessary.*

1099 Employee.

| Name of Employees | Relationship | Position/function | Mo. Salary | P= Part F=Full |
|---|---|---|---|---|
| Tialira Watkins | | Office | 1,000 ⁰⁰ | P |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**6. PROOF OF PAYMENT OF EMPLOYEE WITHHOLDING TAXES** (State EDD form DE6; Federal- IRS form 941)
   a)  If you have any employees, provide **COPIES** of proof of payment for 3 months prior to the month your case was filed.
   b)  If yes, are you current in your payroll taxes?   [ ] Yes [ ] No
   c)  If you are not current in your payroll taxes, list the taxes owed and the amounts.

**7. PROOF OF PAYMENT OF SALES TAX** (State Board of Equalization)
   a)  If applicable, provide **COPIES** of proof of payment for 3 months prior to the month your case was filed.

**8. FEDERAL TAX RETURNS**
   a)  Provide a **COPY**.  Not an original, of the last 2 years.

**9. INSURANCE**
   If applicable, provide **COPIES**.  Not originals, of proof of the following:
   a)  Business operation liability insurance   b) Worker's compensation insurance
       c)Vehicle insurance   d) Liquor liability insurance e) real and/or personal property
       insurance  f) Other_____

**10. LICENSES**
   If applicable, provide **COPIES**. Not originals, of proof of the following:
   a)  Business License (if a business license is not required for your business explain why)

   _____
   _____

   b)  Seller's Permit   c) Contractor's License   d) Other_____

**11. DO YOU HAVE INVENTORY?** (attach a page if needed)

a) If yes, provide a description and list of the inventory including the item, the date of purchase, the purchase price, the present value of the item, and the name and address of any lien holder and the amount of the lien.

| | Paid | |
|---|---|---|
| Go Jacks | 300.⁰⁰ | 200 ⁰⁰ |
| Lap top | 400.⁰⁰ | 200 ⁰⁰ |
| Office Equipment | 1000 ⁰⁰ | 700 ⁰⁰ |

**12. DO YOU HAVE ACCOUNTS RECEIVABLE?** (attach a page if needed)

a) If yes, provide a list of your accounts receivable including the names of the payor, the amount due, the date first due, and any reason why the debt is not collectable.

**13. DO YOU ANTICIPATE INCURRING POST-PETITION TRADE CREDIT OR OTHER BUSINESS DEBT?**

[ ] Yes    [X] No

If yes, please provide:

a) Copies of federal and state tax returns for the last two (2) calendar years including all supporting schedules;

b) Monthly profit and loss statements on the form provided for the last twelve (12) calendar months;

c) A statement of projected income and expenses for the business on the form provided; and,

d) Copies of all financial furnished to a third party within the last two (2) years preceding the filing of the petition, including, but not limited to the balance sheet, income statement, and cash flow statement.

**14. PROFIT AND LOSS STATEMENT**

Using the form on the back, provide a Profit and Loss Statement for the last 6 months and a projected month.

9:22 AM
08/02/12
Accrual Basis

# ALL STAR RECOVERY
## Profit & Loss Standard
### January through July 2012

|  | Jan - Jul 12 |
|---|---|
| **Ordinary Income/Expense** |  |
| **Income** |  |
|    Sales | 65,385.80 |
| **Total Income** | 65,385.80 |
| **Expense** |  |
|    Advertising | 591.86 |
|    Car and Truck Expenses | 4,644.54 |
|    Contract labor | 16,410.00 |
|    fuel | 9,709.83 |
|    Insurance (other than health) | 10,900.00 |
|    Meals and Entertainment | 823.06 |
|    Office expenses | 4,060.00 |
|    Shop Supplys | 1,202.40 |
|    Supplies | 1,355.78 |
|    Utilities | 2,525.00 |
| **Total Expense** | 52,222.47 |
| **Net Ordinary Income** | 13,163.33 |
| **Net Income** | 13,163.33 |

9:26 AM

08/02/12

Accrual Basis

# ALL STAR RECOVERY
## Profit & Loss Standard
### January 2012

|  | Jan 12 |
|---|---|
| **Ordinary Income/Expense** |  |
|   **Income** |  |
|     Sales | 8,338.80 |
|   **Total Income** | 8,338.80 |
|   **Expense** |  |
|     Car and Truck Expenses | 405.35 |
|     Contract labor | 2,400.00 |
|     fuel | 826.05 |
|     Insurance (other than health) | 1,700.00 |
|     Meals and Entertainment | 267.49 |
|     Office expenses | 650.00 |
|     Shop Supplys | 1,099.93 |
|     Supplies | 229.20 |
|     Utilities | 375.00 |
|   **Total Expense** | 7,953.02 |
| **Net Ordinary Income** | 385.78 |
| **Net Income** | 385.78 |

9:21 AM
08/02/12
Accrual Basis

# ALL STAR RECOVERY
## Profit & Loss Standard
### February 2012

|  | Feb 12 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Sales | 9,975.00 |
| **Total Income** | 9,975.00 |
| **Expense** | |
| Car and Truck Expenses | 411.16 |
| Contract labor | 2,400.00 |
| fuel | 257.00 |
| Insurance (other than health) | 1,700.00 |
| Meals and Entertainment | 21.52 |
| Office expenses | 650.00 |
| Supplies | 166.84 |
| Utilities | 375.00 |
| **Total Expense** | 5,981.52 |
| **Net Ordinary Income** | 3,993.48 |
| **Net Income** | 3,993.48 |

9:21 AM

08/02/12

Accrual Basis

# ALL STAR RECOVERY
## Profit & Loss Standard
### March 2012

|  | Mar 12 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Sales | 12,410.00 |
| **Total Income** | 12,410.00 |
| **Expense** | |
| Car and Truck Expenses | 375.00 |
| Contract labor | 2,400.00 |
| fuel | 2,005.97 |
| Insurance (other than health) | 1,700.00 |
| Meals and Entertainment | 450.01 |
| Office expenses | 650.00 |
| Shop Supplys | 64.93 |
| Supplies | 262.13 |
| Utilities | 375.00 |
| **Total Expense** | 8,283.04 |
| **Net Ordinary Income** | 4,126.96 |
| **Net Income** | 4,126.96 |

9:21 AM
08/02/12
Accrual Basis

# ALL STAR RECOVERY
## Profit & Loss Standard
### April 2012

|  | Apr 12 |
|---|---|
| **Ordinary Income/Expense** | |
|   **Income** | |
|     Sales | 12,385.00 |
|   **Total Income** | 12,385.00 |
|   **Expense** | |
|     Car and Truck Expenses | 2,005.00 |
|     Contract labor | 2,425.00 |
|     fuel | 1,537.92 |
|     Insurance (other than health) | 1,700.00 |
|     Meals and Entertainment | 37.50 |
|     Office expenses | 650.00 |
|     Shop Supplys | 10.80 |
|     Supplies | 125.00 |
|     Utilities | 375.00 |
|   **Total Expense** | 8,866.22 |
| **Net Ordinary Income** | 3,518.78 |
| **Net Income** | 3,518.78 |

9:22 AM

08/02/12

Accrual Basis

# ALL STAR RECOVERY
## Profit & Loss Standard
### May 2012

|  | May 12 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Sales | 5,425.00 |
| **Total Income** | 5,425.00 |
| **Expense** | |
| Car and Truck Expenses | 375.00 |
| Contract labor | 2,710.00 |
| fuel | 1,209.14 |
| Insurance (other than health) | 1,700.00 |
| Office expenses | 650.00 |
| Supplies | 130.61 |
| Utilities | 375.00 |
| **Total Expense** | 7,149.75 |
| **Net Ordinary Income** | -1,724.75 |
| **Net Income** | -1,724.75 |

9:22 AM
08/02/12
Accrual Basis

# ALL STAR RECOVERY
## Profit & Loss Standard
### June 2012

|  | Jun 12 |
|---|---|
| **Ordinary Income/Expense** |  |
| **Income** |  |
| Sales | 8,670.00 |
| **Total Income** | 8,670.00 |
|  |  |
| **Expense** |  |
| Advertising | 591.86 |
| Car and Truck Expenses | 475.00 |
| Contract labor | 2,535.00 |
| fuel | 1,752.06 |
| Insurance (other than health) | 1,700.00 |
| Office expenses | 700.00 |
| Supplies | 266.51 |
| Utilities | 375.00 |
| **Total Expense** | 8,395.43 |
|  |  |
| **Net Ordinary Income** | 274.57 |
|  |  |
| **Net Income** | 274.57 |

9:21 AM

08/02/12

Accrual Basis

# ALL STAR RECOVERY
# Profit & Loss Standard
## July 2012

|                                         | Jul 12    |
|-----------------------------------------|-----------|
| **Ordinary Income/Expense**             |           |
| **Income**                              |           |
| Sales                                   | 8,182.00  |
| Total Income                            | 8,182.00  |
| **Expense**                             |           |
| Car and Truck Expenses                  | 598.03    |
| Contract labor                          | 1,540.00  |
| fuel                                    | 2,121.69  |
| Insurance (other than health)           | 700.00    |
| Meals and Entertainment                 | 46.54     |
| Office expenses                         | 110.00    |
| Shop Supplys                            | 26.74     |
| Supplies                                | 175.49    |
| Utilities                               | 275.00    |
| Total Expense                           | 5,593.49  |
| Net Ordinary Income                     | 2,588.51  |
| Net Income                              | 2,588.51  |

# CERTIFICATE OF LIABILITY INSURANCE

ACORD

DATE (MM/DD/YYYY): 06/26/2012

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | |
|---|---|---|
| The Garner Group LLC<br>4601 Park Rd. Suite 610<br><br>Charlotte          NC  28209- | PHONE (A/C, No, Ext): (704) 945-7127 | FAX (A/C, No): (704) 945-7147 |
| | E-MAIL ADDRESS: salston@garnergroupllc.com | |
| | PRODUCER CUSTOMER ID #: All Star Recovery | |

| | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| INSURED<br><br>All Star Recovery<br>PO Box 12034<br><br><br>Florence          SC  29504- | INSURER A : Colony Insurance Company | |
| | INSURER B : Argonaut Midwest Insurance Co | |
| | INSURER C : | |
| | INSURER D : | |
| | INSURER E : | |
| | INSURER F : | |

## COVERAGES                CERTIFICATE NUMBER:                                REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY | | | W276589-1 | 06/27/2012 | 06/27/2013 | EACH OCCURRENCE | $ 1,000,000 |
| | X  COMMERCIAL GENERAL LIABILITY | | | | / / | / / | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | ☐ CLAIMS-MADE  X  OCCUR | | | | / / | / / | MED EXP (Any one person) | $ 5,000 |
| | X  Wrongful Repo | | | | / / | / / | PERSONAL & ADV INJURY | $ 1,000,000 |
| | X  Garage liability | | | | / / | / / | GENERAL AGGREGATE | $ 3,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | / / | / / | PRODUCTS - COMP/OP AGG | $ |
| | X  POLICY  ☐ PRO-JECT  ☐ LOC | | | | / / | / / | | $ |
| B | AUTOMOBILE LIABILITY | | | W276584-1 | 06/27/2012 | 06/27/2013 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | ☐ ANY AUTO | | | | / / | / / | BODILY INJURY (Per person) | $ |
| | ☐ ALL OWNED AUTOS | | | | / / | / / | BODILY INJURY (Per accident) | $ |
| | X  SCHEDULED AUTOS | | | | / / | / / | PROPERTY DAMAGE (Per accident) | $ |
| | X  HIRED AUTOS | | | | / / | / / | DRIVE AWAY INCLUDED | $ |
| | X  NON-OWNED AUTOS | | | | / / | / / | | $ |
| | X  Comp/Coll $1000ded | | | | | | | |
| | ☐ UMBRELLA LIAB  ☐ OCCUR | | | | / / | / / | EACH OCCURRENCE | $ |
| | ☐ EXCESS LIAB  ☐ CLAIMS-MADE | | | | / / | / / | AGGREGATE | $ |
| | ☐ DEDUCTIBLE | | | | / / | / / | | $ |
| | ☐ RETENTION  $ | | | | / / | / / | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY  Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? ☐ N/A<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | | | | / / | / / | ☐ WC STATU-TORY LIMITS  ☐ OTH-ER | |
| | | | | | / / | / / | E.L. EACH ACCIDENT | $ |
| | | | | | / / | / / | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | / / | / / | E.L. DISEASE - POLICY LIMIT | $ |
| A | On Hook | | | W276589-1 | 06/27/2012 | 06/27/2013 | Scheduled Vehicles | 100,000 |
| A | Garage Keepers | | | W276589-1 | 06/27/2012 | 06/27/2013 | Direct Primary | 300,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

Certificate Holder is listed as Additional Insured.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| ( )    -          (912) 525-2679<br>   Attn: Ginny<br><br>   TitleMax Holdings LLC, ISAA<br>   15 Bull Street Ste 200<br><br>   Savannah          GA  31401- | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE |

ACORD 25 (2009/09)

© 1988-2009 ACORD CORPORATION. All rights reserved.

INS025 (200909)          The ACORD name and logo are registered marks of ACORD

LICENSE MUST BE DISPLAYED IN A CONSPICUOUS PLACE

# BUSINESS AND PROFESSIONAL LICENSE

## City of Florence, SC



**DATE ISSUED**

8/25/2011

**THIS LICENSE EXPIRES**

6/30/2012

**TO BE RENEWED WITHOUT PENALTY BY**

6/15/2012

**No.**  112801

JOSEPH J. GIBSON
ALL STAR RECOVERY
P O BOX 12034
FLORENCE                    SC 29504-0000

LOCATION OF BUSINESS IF DIFFERENT FROM ADDRESS    1018 CAMP WIGGINS ROAD
DESCRIPTION OF BUSINESS    RECOVERY AND REPOSSESSION
NAICS CODE    561491                              RATE CLASS    60

THE ABOVE NAMED FIRM/INDIVIDUAL IS
HEREBY LICENSED TO DO BUSINESS IN
FLORENCE SUBJECT TO THE PROVISIONS
OF ALL ORDINANCES OF THE CITY.

*Teresa H. Eaton*

AUTHORIZED SIGNATURE

B6J (Official Form 6J) (12/07)

In re   **Joseph Jackson Gibson** _____    Case No. _____
                          Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 820.00 |
| a. Are real estate taxes included?  Yes ___  No **X** | | |
| b. Is property insurance included?  Yes ___  No **X** | | |
| 2. Utilities:  a. Electricity and heating fuel | | $ 0.00 |
|   b. Water and sewer | | $ 0.00 |
|   c. Telephone | | $ 0.00 |
|   d. Other _____ | | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 25.00 |
| 4. Food | | $ 200.00 |
| 5. Clothing | | $ 55.00 |
| 6. Laundry and dry cleaning | | $ 35.00 |
| 7. Medical and dental expenses | | $ 100.00 |
| 8. Transportation (not including car payments) | | $ 0.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 85.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|   a. Homeowner's or renter's | | $ 0.00 |
|   b. Life | | $ 0.00 |
|   c. Health | | $ 0.00 |
|   d. Auto | | $ 0.00 |
|   e. Other _____ | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|   (Specify)  **AUTO PROPERTY TAXES** | | $ 55.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|   a. Auto | | $ 0.00 |
|   b. Other  **5 STAR RENTAL ($1,100, $30/WEEK)** | | $ 19.50 |
|   c. Other _____ | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 7,378.23 |
| 17. Other  **PERSONAL CARE** | | $ 75.00 |
|   Other _____ | | $ 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)    $ 8,847.73

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

**Debtors Utilities, Transportation cost, and Insurance are calculated with Debtors business expenses since business is conducted out of his residence.  Debtor does not anticipate any changes to expenses within the next year.**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ 9,507.83 |
| b. | Average monthly expenses from Line 18 above | $ 8,847.73 |
| c. | Monthly net income (a. minus b.) | $ 660.10 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## District of South Carolina

In re  **Joseph Jackson Gibson**

Debtor(s)

Case No.

Chapter  **13**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

     I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __37__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **August  3, 2012**

Signature  **/s/ Joseph Jackson Gibson**

**Joseph Jackson Gibson**

Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## District of South Carolina

In re  **Joseph Jackson Gibson**                                                        Case No.

                                          Debtor(s)                                      Chapter    **13**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$57,203.80** | **Year to date: All Star Recovery (Gross $57,203.80 - Expenses $48,128.98 = Net $9,074.82)** |
| **$178,277.00** | **2011: All Star Recovery (Gross $178,277- Expenses $179,768 = Net -$1,491)** |
| **$157,862.00** | **2010: All Star Recovery (Gross $157,862 - Expenses $177,329 = Net -$19,467)** |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                          SOURCE

---

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Dorothy McAllister v Joseph Gibson (DBA Allstar Towing and Recovery) 2009CP2103205** | **Civil** | **State of South Carolina, County of Florence** | **Dismissed** |
| **GMAC Mortgage (Bank of New York Mellon Trust Company) v Joseph Jackson Gibson 2011CP2102197** | **Foreclosure** | **State of South Carolina, County of Florence** | **Pending** |
| **Aarons v Joseph Jackson Gibson 2011CV2110104373** | **Civil** | **State of South Carolina, County of Florence** | **Settled** |

---

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Millicent Coleman and Carlos Robinson v Joseph Jackson Gibson 1996CP2100710** | **Civil** | **State of South Carolina, County of Florence** | **Dismissed** |
| **Three D Metal Works v Joseph Jackson Gibson 1269010** | **Civil** | **State of South Carolina, County of Florence** | **Judgment** |
| **Ice Pee Dee v Joseph Jackson Gibson 1175240** | **Civil** | **State of South Carolina, County of Florence** | **Judgment** |
| **Adrian Barnwell v Joseph Jackson Gibson 2009CV2110106426** | **Civil** | **State of South Carolina, County of Florence** | **Settled** |

None ■  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None ☐  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **THREE-D METAL WORKS PO BOX 107 Andrews, SC 29510** | **May 2012** | **2000 Ford F450 Truck, Value UNKNOWN** |

---

**6. Assignments and receiverships**

None ■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None ■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

4

---

**8.  Losses**

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9.  Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Reed Law Firm, P.A.**<br>**1807 W Evans Street**<br>**Suite B**<br>**Florence, SC 29501** | **July 2012** | **$1,300.00 (includes Costs)** |
| **ConsumerBankruptcyCounseling.info**<br>**Tides Center**<br>**PO Box 72209**<br>**San Francisco, CA 94129** | **July 2012** | **$5.00 (Online Credit Counseling)** |

---

**10.  Other transfers**

None ☐

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Tialisa Watkins**<br>**1018 Camp Wiggins Road**<br>**Florence, SC 29506**<br>  **Girlfriend** | **2011** | **2003 Chevrolet Tahoe, Sold for $2,000** |

None ■

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.  Closed financial accounts**

None ■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous
Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which
the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the
docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☐   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a
partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time in **six years**
immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities
within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six
years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six
years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **ALL STAR RECOVERY** | **6107** | **1018 CAMP WIGGINS ROAD Florence, SC 29506** | **Sole proprietorship operating as a repossession company. Business was started in 2006 and is still in operations.  The business has no W-2 employees or accounts receivables.  The business has no inventory but does have tools of the trade as listed in schedule B.** | **2006 TO Present** |

None
■   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has
been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or
owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole
proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above,
within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go
directly to the signature page.)*

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                                                                Best Case Bankruptcy

**19. Books, records and financial statements**

None ■    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS        DATES SERVICES RENDERED

None ■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME        ADDRESS        DATES SERVICES RENDERED

None ■    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME        ADDRESS

None ■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS        DATE ISSUED

**20. Inventories**

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY        INVENTORY SUPERVISOR        DOLLAR AMOUNT OF INVENTORY
(Specify cost, market or other basis)

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY        NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

**21 . Current Partners, Officers, Directors and Shareholders**

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS        NATURE OF INTEREST        PERCENTAGE OF INTEREST

None ■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS        TITLE        NATURE AND PERCENTAGE OF STOCK OWNERSHIP

**22 . Former partners, officers, directors and shareholders**

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME        ADDRESS        DATE OF WITHDRAWAL

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS        TITLE        DATE OF TERMINATION

8

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**24. Tax Consolidation Group.**

None ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

**25. Pension Funds.**

None ■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **August  3, 2012**                    Signature  **/s/ Joseph Jackson Gibson**
                                                         **Joseph Jackson Gibson**
                                                         Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
### District of South Carolina

In re   **Joseph Jackson Gibson**                                Case No.

                                        Debtor(s)       Chapter     **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 3,500.00 |
| Prior to the filing of this statement I have received | $ | 813.00 |
| Balance Due | $ | 2,687.00 |

2.    $   **281.00**   of the filing fee has been paid.

3.    The source of the compensation paid to me was:

      ■ Debtor      ☐ Other (specify):

4.    The source of compensation to be paid to me is:

      ■ Debtor      ☐ Other (specify):

5.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

      ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

      a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
      b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
      c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
      d.  [Other provisions as needed]
         **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:
         **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

## CERTIFICATION

      I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **August 3, 2012**                     **/s/ Eric S. Reed**

                                                        **Eric S. Reed 7242**
                                                        **Reed Law Firm, P.A.**
                                                        **1807 W Evans Street**
                                                        **Suite B**
                                                        **Florence, SC 29501**
                                                        **843-679-0077  Fax: 843-679-0667**
                                                        **ereed@reedlawsc.com**

## SCHEDULE A

### Excluded Services

As referred to herein above, the following are services and corresponding fees that are not included in the initial fee. The services are divided by categories and defined accordingly. This list is not exclusive, as there may be other services that arise which are not contemplated at this time.

**Fee Schedule No. 1**: The following services may or may not arise in the course of a bankruptcy case. If the need should arise, Reed Law Firm, P.A. is required to perform these services as part of its ongoing representation of Client even if Client is unable to pay at the time. However, in most cases, Reed Law Firm, P.A. may file an application with the Court for payment from the Chapter 13 Plan. This may be done without any additional written agreement with Client.

| | |
|---|---|
| §362 Motion (no response filed) | $350 |
| §362 Motion (response filed) | $450 |
| §362 Motion (court appearance required) | $500 |
| Prevention of §362 (No motion filed) | $125 |
| Letter Preparation (matters unrelated to confirmation) | $50 |
| Rescheduled Hearing | $150 |
| Transfer of Attorney | $125 |
| Defending Motion to Dismiss | $150 |
| Hearing on Motion to Dismiss | $200 |
| Motion to Reinstate Automatic Stay or Resumption of Payment | $350 |
| Motion to Reconsider or Reopen Case | $450 |
| Motion for Substitution of Collateral | $350 |
| Turnover of Property | $350 |
| Post-Confirmation Motion to Modify Plan | $400 |
| Motion to Incur Debt | $350 |
| Motion to Sell Property | $400 |
| Moratorium | $250 |
| Motion to Voluntarily Dismiss | $150 |
| Motion to Disable Public Access | $200 |

**Fee Schedule No. 2**: These are services that are not required to be performed by Reed Law Firm, P.A. If the need arises, Client and Reed Law Firm, P.A. may enter into an additional fee agreement for the service. However, Client has the right to engage a different attorney or proceed pro se in the matter and Reed Law Firm, P.A. has the discretion to refuse to represent Client in such matters.

-All Adversary Proceedings, including Actions to Determine Dischargeability.
-Criminal Matters which may include bankruptcy crime and/or fraud.
-All Non-bankruptcy matters (This would include, but is not limited to, state court foreclosure proceedings, family court issues including child support matters, appearances or filings in any other non-bankruptcy court, criminal matters, repayment arrangements with creditors outside of bankruptcy, tax preparation and credit repair).

/s/ Joseph Jackson Gibson                       /s/_____
Client                                                  Client
Date: August 3, 2012

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### District of South Carolina

In re    **Joseph Jackson Gibson** _____          Case No. _____
_____ Debtor(s)                              Chapter    **13**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | | |
|---|---|---|
| **Joseph Jackson Gibson** | X **/s/ Joseph Jackson Gibson** | **August  3, 2012** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X _____ | |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

LOCAL OFFICIAL FORM 1007-1(b) TO SC LBR 1007-1

# United States Bankruptcy Court
### District of South Carolina

In re    **Joseph Jackson Gibson**                                                                  Case No.

                                                            Debtor(s)              Chapter    **13**

## CERTIFICATION VERIFYING CREDITOR MATRIX

The above named debtor, or attorney for the debtor if applicable, hereby certifies pursuant to South Carolina Local Bankruptcy Rule 1007-1 that the master mailing list of creditors submitted either on computer diskette, electronically filed via CM/ECF, or conventionally filed in a typed hard copy scannable format which has been compared to, and contains identical information to, the debtor's schedules, statements and lists which are being filed at this time or as they currently exist in draft form.

Master mailing list of creditors submitted via:

(a)    _____ computer diskette

(b)    _____ scannable hard copy
(number of sheets submitted _____)

(c)    **X**   electronic version filed via CM/ECF

Date:    **August  3, 2012**                          **/s/ Joseph Jackson Gibson**
                                                    **Joseph Jackson Gibson**
                                                    Signature of Debtor

Date:    **August  3, 2012**                          **/s/ Eric S. Reed**
                                                    Signature of Attorney
                                                    **Eric S. Reed 7242**
                                                    **Reed Law Firm, P.A.**
                                                    **1807 W Evans Street**
                                                    **Suite B**
                                                    **Florence, SC 29501**
                                                    **843-679-0077  Fax: 843-679-0667**
                                                    Typed/Printed Name/Address/Telephone

                                                    **7242**
                                                    District Court I.D. Number

5 STAR RENTALS
1358 S IRBY STREET
FLORENCE SC 29505


AARONS
111 PAMPLICO HIGHWAY
FLORENCE SC 29505


ACCESS RECEIVABLES
200 E JOPPA RD STE 310
TOWSON MD 21286


ADRIAN BARNWELL
813 STRATTON DRIVE
FLORENCE SC 29501


ALLENDALE COUNTY HOSPITAL
HWY 278
FAIRFAX SC 29827


BRETT MITCHELL
4056 TIMMONSVILLE HWY
TIMMONSVILLE SC 29161


CARLOS ROBINSON
C/O RODNEY C JERNIGAN, JR
PO BOX 2130
FLORENCE SC 29503


CBE GROUP
PO BOX 2635
WATERLOO IA 50704


DEPT OF VETERANS AFFAIRS
VA REGIONAL LOAN CETNER
PO BOX 100023
DECATUR GA 30031


DIRECTV
PO BOX 78626
PHOENIX AZ 85062

DOROTY MCALLISTER
C/O JOHN S DEBERRY, ESQ
PO BOX 1422
FLORENCE SC 29503


FHA USDA RHS
PO BOX 371419
PITTSBURGH PA 15250


FINKEL LAW FIRM
PO BOX 71727
NORTH CHARLESTON SC 29415


FLORENCE COUNTY CLERK OF COURT
180 N IRBY STREET
FLORENCE SC 29501


FLORENCE COUNTY MAGISTRATE-HAIGH PORTER
PORTER & WELLS
PO BOX 4337
FLORENCE SC 29502


FLORENCE COUNTY TREASURER
PO BOX 100501
FLORENCE SC 29501


FLORENCE FAMILY DENTISTRY
1527 HERITAGE LANE
FLORENCE SC 29505


GMAC MORTGAGE
3451 HAMMOND AVENUE
WATERLOO IA 50702


GMAC MORTGAGE
PO BOX 780
WATERLOO IA 50704


HOMECOMINGS FINANCIAL / GMAC MORTGAGE
ATTENTION: BANKRUPTCY DEPT
1100 VIRGINIA DRIVE
FORT WASHINGTON PA 19034

```
ICE PEE DEE
2321 LAURENS CIRCLE
FLORENCE SC 29501


IRS
CENTRALIZED INSOLVENCY OPERATION
PO BOX 7346
PHILADELPHIA PA 19101


IRS
1835 ASSEMBLY STREET
STOP MDP 39
COLUMBIA SC 29201


KAREN J MITCHELL
AKA KAREN J TARLTON
4056 TIMMONSVILLE HWY
TIMMONSVILLE SC 29161


MCLEOD REGIONAL MEDICAL CENTER
PO BOX 100567
FLORENCE SC 29501


MILLICENT COLEMAN
C/O RODNEY C JERNIGAN, JR
PO BOX 2130
FLORENCE SC 29503


PEE DEE AUTO SALES
2407 E PALMETTO STREET
FLORENCE SC 29506


PEE DEE MEDICAL COLLECTION
PO BOX 1597
FLORENCE SC 29503


RECEIVABLES PERFORMANC
20816 44TH AVE W
LYNNWOOD WA 98036


SC DEPT OF REVENUE AND TAXATION
PO BOX 12265
COLUMBIA SC 29211
```

SCA
PO BOX 910
EDENTON NC 27932


THREE-D METAL WORKS
PO BOX 107
ANDREWS SC 29510


THREE-D METAL WORKS
C/O LEIGH POWERS BOAN, ESQ
11019 OCEAN HIGHWAY
PAWLEYS ISLAND SC 29585


TRANSWORLD SYSTEMS
8801 JM KEYNES DRIVE, STE 300
CHARLOTTE NC 28262


UNITED STATES ATTORNEY
DISTRICT OF SOUTH CAROLINA
1441 MAIN STREET, STE 500
COLUMBIA SC 29201


US DEPT OF JUSTICE
ROOM 5111
10TH & CONSTITUTION AVENUE NW
WASHINGTON DC 20530


WYND DISCVRY
10750 W CHARLESTON
LAS VEGAS NV 89135

B22C (Official Form 22C) (Chapter 13) (12/10)

| In re | **Joseph Jackson Gibson** | According to the calculations required by this statement: |
|---|---|---|
| | Debtor(s) | ■ **The applicable commitment period is 3 years.** |
| Case Number: | | □ **The applicable commitment period is 5 years.** |
| | (If known) | □ **Disposable income is determined under § 1325(b)(3).** |
| | | ■ **Disposable income is not determined under § 1325(b)(3).** |
| | | (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | **Part I. REPORT OF INCOME** | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. | | |
| | a. ■ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.** | | |
| | b. □ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $           0.00 | $ |

| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | |
|---|---|---|---|---|

|  | | Debtor | Spouse | |
|---|---|---|---|---|
| a. | Gross receipts | $   9,507.83 | $ | |
| b. | Ordinary and necessary business expenses | $   7,378.23 | $ | |
| c. | Business income | Subtract Line b from Line a | | $   2,129.60 | $ |

| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | |
|---|---|---|---|

|  | | Debtor | Spouse | |
|---|---|---|---|---|
| a. | Gross receipts | $   0.00 | $ | |
| b. | Ordinary and necessary operating expenses | $   0.00 | $ | |
| c. | Rent and other real property income | Subtract Line b from Line a | | $   0.00 | $ |

| 5 | **Interest, dividends, and royalties.** | $   0.00 | $ |
|---|---|---|---|
| 6 | **Pension and retirement income.** | $   0.00 | $ |

| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $   0.00 | $ |
|---|---|---|---|

| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | $   0.00 | $ |
|---|---|---|---|
| | Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor $   0.00  Spouse $ | |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                 2

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | |
| | a. | $ | $ | | |
| | b. | $ | $ | $ 0.00 | $ |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | | $ 2,129.60 | $ |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | | $ | 2,129.60 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | **Enter the amount from Line 11** | $ | 2,129.60 |
|---|---|---|---|
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | |
| | a. $ | | |
| | b. $ | | |
| | c. $ | | |
| | Total and enter on Line 13 | $ | 0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ | 2,129.60 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ | 25,555.20 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | |
| | a. Enter debtor's state of residence: **SC**   b. Enter debtor's household size: **1** | $ | 38,849.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. | | |
| | ■ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. | | |
| | ☐ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | **Enter the amount from Line 11.** | $ | 2,129.60 |
|---|---|---|---|
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | |
| | a. $ | | |
| | b. $ | | |
| | c. $ | | |
| | Total and enter on Line 19. | $ | 0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ | 2,129.60 |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                                                  3

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | **25,555.20** |
|----|----|----|----|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | **38,849.00** |

| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>■ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** |
|----|----|

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|----|----|----|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. |  |
|----|----|----|

| Persons under 65 years of age | | Persons 65 years of age or older | |  |
|----|----|----|----|----|
| a1. | Allowance per person | a2. | Allowance per person | |
| b1. | Number of persons | b2. | Number of persons | |
| c1. | Subtotal | c2. | Subtotal | $ |

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|----|----|----|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.**  Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** |  |
|----|----|----|

| a. | IRS Housing and Utilities Standards; mortgage/rent expense | $ |  |
|----|----|----|----|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 26 | **Local Standards: housing and utilities; adjustment.**  If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|----|----|----|

| | | |
|---|---|---|
| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0   ☐ 1   ☐ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | $ |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | $ |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in line 49.** | $ |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ |

| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
|---|---|---|
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ |

**Subpart B: Additional Living Expense Deductions**

**Note: Do not include any expenses that you have listed in Lines 24-37**

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br><br>| a. | Health Insurance | $ |<br>| b. | Disability Insurance | $ |<br>| c. | Health Savings Account | $ |<br><br>Total and enter on Line 39<br><br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br>$ | $ |
|---|---|---|
| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                                      6

| | Subpart C: Deductions for Debt Payment |
|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance | |
|---|---|---|---|---|---|
| a. | | | $ | ☐yes ☐no | |
| | | | Total: Add Lines | | $ |

| | |
|---|---|
| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
|---|---|---|---|---|
| a. | | | $ | |
| | | | Total: Add Lines | $ |

| | | |
|---|---|---|
| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $ |

| | |
|---|---|
| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. |

| | | | |
|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |

| | | |
|---|---|---|
| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ |

| | Subpart D: Total Deductions from Income | |
|---|---|---|
| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ |

| | Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2) | |
|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ |

| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** | |
|---|---|---|

| | Nature of special circumstances | Amount of Expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines | $ |

| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ |
|---|---|---|

| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ |
|---|---|---|

## Part VI. ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c and d | $ |

## Part VII. VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* |
|---|---|

Date:   __August  3, 2012__          Signature:  __/s/ Joseph Jackson Gibson__

                                                      **Joseph Jackson Gibson**
                                                            (Debtor)